UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
ZENA ABASH,                                              :
                                                         :    Civil Action No.:
                          Plaintiff,                     :
                                                         :
            v.                                           :    **COMPLAINT**
                                                         :
FRESH FOOD CONCEPTS, INC. d/b/a                          :
L.A. GOURMET, ABEL AHUATL, in his personal               :    **JURY TRIAL DEMANDED**
and professional capacity,                               :
                                                         :
                                                         :
                          Defendants.                    :
------------------------------------------------------------X

Plaintiff Zena Abash ("Ms. Abash" or "Plaintiff"), by and through her undersigned counsel, Wigdor LLP, as and for the Complaint in this action against Defendants Fresh Food Concepts d/b/a L.A. Gourmet ("L.A. Gourmet" or the "Company"), and the Owner of L.A. Gourmet, Abel Ahuatl ("Ahuatl") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      Plaintiff Zena Abash, a single mother of six, has been forced to endure a pervasive and severe hostile work environment defined by endless offensive, degrading, and sexually harassing comments and conduct at the hands of her manager, culminating in the retaliatory termination of her employment after she refused to entertain her manager's sexual advances any longer.

2.      As a result of the sexual harassment and hostile work environment perpetrated by her manager and other employees at the Company, as well as the retaliation to which she has been subjected in response to her protected complaints regarding his vile treatment, Ms. Abash has suffered, and continues to suffer, economic harm, loss of credibility and marketability, as well as a great deal of humiliation, mental anguish and emotional distress.

3. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress the unlawful discrimination and retaliation committed against Ms. Abash throughout her employment at L.A. Gourmet in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101 *et seq*. ("NYCHRL").

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant L.A. Gourmet is a domestic business corporation doing business in the State of New York and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

6. Plaintiff Zena Abash was a female employee of L.A. Gourmet in its 25-01 Jackson Avenue, Long Island City, NY 11101 location. She is a resident of the State of New York and at all relevant times met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

7. Defendant L.A. Gourmet is a corporation that maintains its principal place of business in Long Island City's CitiGroup Building at 25-01 Jackson Avenue, Long Island City,

New York 11101. At all relevant times, Defendant L.A. Gourmet met the definition of "employer" and/or a "covered employer" under all relevant statutes.

8. Defendant Abel Ahuatl is a resident of the State of New York and the Owner of L.A. Gourmet. In his capacity as Owner, Defendant Ahuatl directly supervised Ms. Abash's performance during her employment with the Company. As a result, Defendant Ahuatl was Ms. Abash's supervisor, and, in that role, he had the authority to discipline and fire Ms. Abash, direct her work activities, assign her job responsibilities and monitor her performance. At all relevant times, Defendant Ahuatl was an "employer" within the meaning of all applicable statutes.

## PROCEDURAL REQUIREMENTS

9. Prior to the commencement of this action, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") on or about June 1, 2015 and received a Notice of Right to Sue on October 27, 2015.

10. Prior to the commencement of this action, a copy of the Complaint was served both on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the New York City Administrative Code.

11. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

### Sexual Harassment Against Ms. Abash

12. Ms. Abash commenced her employment at L.A. Gourmet on or about January 20, 2015.

13. She was responsible for cleaning the counter, packaging food items, and making juice at the café. Although her official job title was "cashier," the Company never provided Ms. Abash with any training or opportunities to work behind the register.

14. From her very first day on the job, Ms. Abash was subject to severe and pervasive sexual harassment by her manager, "Emilio," which created a workplace permeated by abuse.[1]

15. At all relevant times, Ahuatl had the authority to make personnel decisions concerning Plaintiff's work schedule, assignments, salary and other employment benefits. Ahuatl also had authority to discipline, including the right to terminate, Plaintiff and other employees. However, rather than take steps to address the underlying discriminatory attitudes pervading the Company, Ahuatl ignored them and allowed such conduct to persist.

16. By way of example only, on the very first morning that Ms. Abash started working at L.A. Gourmet, Emilio leered at her as she was getting her smock and made inappropriate moaning sounds while brazenly looking her over.

17. On that same day, he told her that he might call her "baby" or "honey," but that she should not be offended by his grossly inappropriate comments. When Ms. Abash objected to this behavior, Emilio just smirked in response.

18. The following day, the harassment escalated. When Ms. Abash was attempting to carry fruit behind the counter, Emilio blocked her way. Although she asked him to move out of the way, he told her, "I think you have enough room." Ms. Abash attempted to walk by Emilio but felt him press up against her as she passed.

19. When she needed to walk by a second time, Ms. Abash again asked Emilio to give her room to pass, but although she repeated her efforts to walk by unmolested, he once again forced her to make physical contact with his body.

---

[1] Emilio's full name is unknown at this time.

20. During her employment at L.A. Gourmet, Ms. Abash had to repeatedly fend off Emilio's sexually-charged efforts to be alone with her. For example, Emilio invited Ms. Abash to spend some time alone with him in the basement of the Company's Long Island City location, despite the fact that only the stock boys went down there, and never the female employees.

21. On another occasion, Emilio called Ms. Abash into his office. During their meeting, other employees had interrupted several times to speak with Emilio. In response, Emilio lewdly suggested that other employees must have assumed they were alone because they were having sex in his office.

22. In addition, Ms. Abash was subjected to inappropriate comments about her physical appearance, particularly her body.

23. On one occasion, one of Ms. Abash's coworkers, in earshot of other employees, brazenly asked her, "Is your butt fake? It looks real. Let me taste it to see if it's real." Incredibly, Emilio was standing nearby and heard this comment but nevertheless took no steps to discipline the other employee or to put a stop to this kind of behavior, despite his role as their supervisor.

24. Instead, Emilio made similar comments, and told her things such as that he "like[d] the way you looked" in a pair of pants that she was wearing.

25. On another occasion, Emilio also told her, **"Your boobs are big, so when I order you shirts to wear, I'm going to have to order a bigger size."**

26. A few days later, when Ms. Abash's shirt came in, he called her into his office, handed her the shirt and said, "Here, try it on," gesturing that she should try the shirt on in front of him rather than in the bathroom.

5

27. Deeply uncomfortable, Ms. Abash put the shirt on over her clothes and said, "It's fine." He said, "Let me see if it looks fine." Humiliated, Ms. Abash repeated that the shirt fit fine and quickly left his office.

28. The harassment came to a head when Emilio asked Ms. Abash on a Thursday if she would come in on the following Saturday. When she told him that she thought L.A. Gourmet was closed on Saturdays, he confirmed that it was but added that he wanted to provide her with some "personal training" and then proposed that, after the training, they could spend the rest of the afternoon together.

29. Feeling immensely uncomfortable, especially in light of the harassment she had already experienced, Ms. Abash sought counsel from other employees, who confirmed for her that the Company was not open on Saturday and that there was no legitimate reason for Emilio to ask employees to come in on the weekend.

30. To compound matters, Emilio offered twice to drive Ms. Abash home after her shift that Thursday. He asked her if he would get in trouble with her boyfriend or husband if he took her home.

31. In response, Ms. Abash ignored his inappropriate question and instead told him that she lived by herself and did not want a ride home from him.

32. In response to Ms. Abash's refusal to be trapped in a car with a man who had repeatedly sexually harassed her previously, Emilio became visibly angry and sent her home early in retaliation for turning down his offers.

33. The next morning, he instructed a third person to tell Ms. Abash not to come into work that day, again claiming that business was slow.

34. Subsequently, Ms. Abash did not go to L.A. Gourmet to meet with Emilio on Saturday and did not pick up when he tried calling her on two occasions because she was afraid of being subjected to additional harassment.

35. On the following Monday, when Emilio asked Ms. Abash why she had not met up with him on Saturday, she made up an excuse about having lost her phone so as to avoid having to confront him again about his unwelcome sexual harassment.

36. Later that day, Emilio walked behind her, grabbed her by the waist and rubbed up against her so she could feel his erection. When she objected, explaining that he was making her uncomfortable and that she did not approve of his conduct, he immediately sent her home, claiming again that it was because business was slow.

37. Ms. Abash was then instructed not to come into work for the rest of the week, in clear retaliation for not submitting to Emilio's obscene harassment.

38. Thereafter, on Monday, February 2, 2015, Emilio summarily terminated her employment. Emilio claimed that she was being fired because she did not know how to use the cash register, which is a clearly pretextual reason for her termination because the Company never trained her on how to use the cash register.

39. After her retaliatory termination, the Company failed to pay her for her hours worked. Specifically, for January 21, January 22 and January 26, 2015, the Company only compensated Ms. Abash for working four hours total, although she had worked approximately five hours per day.

**FIRST CAUSE OF ACTION**
**(Discrimination and Harassment in Violation of Title VII)**
*Against L.A. Gourmet*

40. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

41. By the actions described above, among others, L.A. Gourmet discriminated against Ms. Abash on the basis of her gender in violation of Title VII by denying her the same terms and conditions of employment available to male employees, including, but not limited to, subjecting her to disparate working conditions, forcing her to work in a sexually hostile work environment, denying her terms and conditions of employment equal to those of male employees and terminating her employment.

42. As a direct and proximate result of L.A. Gourmet's unlawful discriminatory conduct in violation of Title VII, Ms. Abash has suffered and continues to suffer monetary and/or economic harm, for which she is entitled to an award of monetary damages and other relief.

43. As a direct and proximate result of L.A. Gourmet's unlawful discriminatory conduct in violation of Title VII, Ms. Abash has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

44. L.A. Gourmet's unlawful and discriminatory actions constitute malicious, willful and wanton violations of Title VII for which Ms. Abash is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of Title VII)
*Against L.A. Gourmet*

45. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

46. L.A. Gourmet has retaliated against Plaintiff by, *inter alia*, terminating her employment on the basis of her complaints regarding Defendant Emilio's sexual harassment, all of which are in violation of Title VII, for her opposition to discriminatory practices directed towards herself due to her gender and/or participation in complaining about these discriminatory practices.

47. As a direct and proximate result of L.A. Gourmet's unlawful retaliatory conduct in violation of Title VII, Ms. Abash has suffered, and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

48. As a direct and proximate result of L.A. Gourmet's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

49. L.A. Gourmet's unlawful and retaliatory actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
### (Discrimination and Harassment in Violation of the NYSHRL)
*Against All Defendants*

50. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

51. By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL by denying Plaintiff the same terms and conditions of employment available to male employees, including, but not limited to, denying her the opportunity to work in an employment setting free of unlawful discrimination and sexual harassment.

52. Defendants have discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a sexually hostile work environment.

53. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

54. As a direct and proximate result of Defendants' unlawful conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

### FOURTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
*Against All Defendants*

55. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

56. By the actions described above, among others, Defendants retaliated against Plaintiff on the basis of her protected activities in violation of the NYSHRL by, *inter alia*,

terminating her employment on the basis of her complaints regarding Defendant Emilio's sexual harassment.

57. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled to an award of monetary damages and other relief.

58. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## FIFTH CAUSE OF ACTION
### (Aiding and Abetting in Violation of the NYSHRL)
*Against Defendant Ahuatl*

59. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

60. Defendant Ahuatl directly participated in the discriminatory conduct perpetrated against Plaintiff, including, but not limited to, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment and retaliating against Plaintiff on the basis of her complaints.

61. At all relevant times, Defendant Ahuatl was the Owner of L.A. Gourmet and had the ability to control the terms and conditions of Plaintiff's employment, including, but not limited to, the power to terminate Plaintiff's employment.

62. Defendant knowingly or recklessly aided and abetted in the unlawful discrimination and retaliation against Plaintiff in violation of the NYSHRL, including, but not

limited to, subjecting her to a hostile work environment and terminating her employment on the basis of her complaints regarding sexual harassment.

63. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

64. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

## **SIXTH CAUSE OF ACTION**
**(Discrimination and Harassment in Violation of the NYCHRL)**
*(Against All Defendants)*

65. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

66. Defendants have discriminated against Plaintiff on the basis of her sex in violation of the NYCHRL by denying her equal terms and conditions of employment, including, but not limited to, denying her the opportunity to work in an employment setting free of unlawful discrimination and sexual harassment.

67. Defendants have discriminated against Plaintiff on the basis of her sex in violation of the NYCHRL by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment.

68. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

69. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

70. Defendants' unlawful discriminatory actions constitute malicious, willful and wanton violations of NYCHRL for which Plaintiff is entitled to an award of punitive damages.

### SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL)
*Against All Defendants*

71. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

72. By the actions described above, among others, Defendants retaliated against Plaintiff on the basis of her protected activities in violation of the NYCHRL by, *inter alia*, terminating her employment on the basis of her complaints regarding Emilio's sexual harassment.

73. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, monetary and/or other economic harm for which she is entitled an award of monetary damages and other relief.

74. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

75. Defendants' unlawful retaliatory actions constitute malicious, willful and wanton violations of NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## EIGHTH CAUSE OF ACTION
### (Aiding and Abetting in Violation of the NYCHRL)
*Against Defendant Ahuatl*

76. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

77. Defendant Ahuatl directly participated in the discriminatory conduct perpetrated against Plaintiff, including, but not limited to, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment and retaliating against Plaintiff on the basis of her complaints.

78. At all relevant times, Defendant Ahuatl was the Owner of L.A. Gourmet and had the ability to control the terms and conditions of her employment, including, but not limited to, the power to terminate Plaintiff's employment.

79. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income for which Plaintiff is entitled to an award of damages.

80. As a direct and proximate result, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which Plaintiff is entitled to an award of damages.

81. Defendant's unlawful and discriminatory conduct constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants for the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York and the City of New York;

B. An injunction and order permanently restraining Defendants and its partners, officers, Owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

C. An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment and post judgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, loss of income, loss of earned bonus pay, reputational harm and harm to professional reputation; for harm to her professional and personal reputations and loss of career fulfillment; for all non-monetary and/or compensatory harm, including, but not limited to, compensation for physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, stress and anxiety, embarrassment and humiliation all other monetary and/or non-monetary losses suffered by Plaintiff;

D. An award of punitive damages in an amount to be determined at trial;

E. An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 8, 2015
New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____/s/ Jeanne Christensen_____
Jeanne M. Christensen
Drei Munar

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
jchristensen@wigdorlaw.com
dmunar@wigdorlaw.com

*Counsel for Plaintiff*